# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ROBERT RAY YOUNG,

    *Plaintiff*,

vs.

FRANK ELLIS, et al.,

    *Defendants.*

Case No. 2:13-cv-2558-EFM-TJJ

## MEMORANDUM AND ORDER

Plaintiff Robert Ray Young brought this *pro se* lawsuit against Frank Ellis, Jossefta Mitchell, Ron Redd, and Jennifer Munroe alleging several violations of his constitutional and statutory rights while he was a resident at The Harris House, a group home for adults with mental illness. The Defendants have moved for dismissal for failure to state a claim, lack of personal jurisdiction, and improper venue. For the reasons stated below, the Court grants Defendants' Motion to Dismiss (Doc. 7) for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3).

### I.     Factual and Procedural Background

Plaintiff Robert Young was a resident of The Harris House, a group home for adults with mental illness under the supervision of Swope Health Services in Kansas City, Missouri, beginning in August 2013. Plaintiff alleges he has had pain and suffering because of mistreatment by defendants Frank Ellis, Jossefta Mitchell, Ron Redd, and Jennifer Munroe. Ellis

is the chairman of Swope Health Services. Mitchell, Redd, and Munroe are employees at The Harris House. Plaintiff has indicated that all parties are residents of Missouri.

In his complaint, Plaintiff alleges the Defendants violated the "ADA, Human Rights, Civil Rights Act, Missouri patient rights, Federal patient rights."[1] Plaintiff also lists violations of the First and Fourteenth amendments of the U.S. Constitution, HIPAA, and Section 504 of the Rehabilitation Act of 1974 as grounds for federal court jurisdiction.

Young lists several incidents as the basis for his allegations. First, he alleges that in August 2013 an unnamed person knocked, forced herself in, and screamed, prompting him to call the police. The next day he called the police regarding a hate crime, specifically that another resident ate his chicken and then placed the chicken on his bed in the image of a cross. In October 2013, he alleges that a staff member named Martha was verbally abusive to him. Also, he alleges that Christ Bowman, presumably another staff member, refused to serve him a diabetic meal. He also alleges that his next door neighbor was disrespectful to the staff on two occasions. Plaintiff seeks $3.9 million for his pain and suffering.

The Defendants filed this motion to dismiss.

## II.     Legal Standard

Under Rule 12(b)(3) the defense may request dismissal for improper venue. The venue is proper under 28 U.S.C. § 1391(b) only when (1) one of the defendants resides in the district and all of the defendants reside in the state of that district, (2) the district is where a substantial part of the events occurred or where a substantial amount of property is situated, or (3) any defendant

---

[1] Doc. 1, at 7.

is subject to the court's personal jurisdiction if there is no district in which an action otherwise may be brought.[2]

### III. Analysis

The Defendants assert that Young and all of the defendants are Missouri residents and that all of the alleged activities occurred in Missouri. As a result, the Defendants argue that the District of Kansas is the improper venue and that this Court lacks personal jurisdiction. The Defendants also seek dismissal based on Rule 12(b)(6), arguing that Plaintiff does not meet the minimum standard of putting the Defendants on notice and does not allege any identifiable claim.

Plaintiff's complaint must be dismissed under Rule 12(b)(3) for improper venue. The complaint fails to meet any of the three requirements to establish proper venue. First, the parties agree that all of the Defendants are Missouri residents. Therefore, none of the Defendants reside in the District of Kansas. Second, the parties agree that all of the activities occurred in Missouri. Thus, a substantial part of the events did not occur in the District of Kansas. Finally, this case may be brought in the Western District of Missouri because the events are alleged to have occurred in Kansas City, Mo. Thus, the third option for proper venue does not apply because there is another district where this action may be brought.[3] As a result, venue is improper in the District of Kansas.

Because the complaint must be dismissed for improper venue pursuant to Rule 12(b)(3), it is not necessary for the Court to discuss the Defendants' other grounds for dismissal.

---

[2] 28 U.S.C.S. § 1391(b).

[3] *See Coando v. Payne*, 127 Fed. Appx. 418 (10th Cir. 2005) (holding that the District of Wyoming was the improper venue for a suit against a Utah judge for alleged constitutional violations that occurred in Utah).

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (Doc. 7) is hereby **GRANTED** without prejudice to refile in the proper venue.

**IT IS SO ORDERED.**

Dated this 30th day of May, 2014.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE